IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-00036-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TARKESIO LANDIS MORGAN, | ) | |
| Defendant. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-27] Tarkesio Landis Morgan's pending Petition for Writ of Coram Nobis pursuant to 28 U.S.C. § 1651 [DE-21]. Morgan contends that he is actually innocent of being a felon in possession of a firearm, in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In its Motion to Dismiss, the Government argues that dismissal of the Petition for Writ of Coram Nobis is warranted because Morgan waived his right to seek post-conviction relief, and Coram Nobis should not be used to gain relief not available under 28 U.S.C. § 2255 for those who are in custody.

**Procedural Background**

Morgan was charged in a two-count indictment on February 28, 2001. *See* Indictment [DE-1]. In Count One, he was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g). In Count Two, he was charged with possession of marijuana, in violation of 21 U.S.C. § 844(a). On April 16, 2001, pursuant to a written plea agreement [DE-14], Morgan entered a plea of guilty to Count One of the Indictment.

On July 23, 2001, Morgan was sentenced to a term of 58 months' imprisonment and three years of supervised release. *See* Judgment [DE-20]. Morgan did not file a notice of appeal.

On December 12, 2006, Morgan was released from the Bureau of Prisons. Morgan completed his term of supervised release on or about December 12, 2009.

## Discussion

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Morgan's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward department from the Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-14]. The undersigned finds that Morgan's waiver was both knowing and voluntary. Moreover, even if it were not, Morgan is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first

2

challenged on direct review.")

The undersigned finds that pursuant to the waiver in his plea agreement, Morgan waived the right to pursue the *Simmons* claim he has set forth. Thus, having concluded that Morgan's Petition for Writ of Coram Nobis should be dismissed on the basis that he has waived his right to bring the *Simmons* claim in a Petition for Writ of Coram Nobis, the undersigned will not address the other basis upon which the Government argues dismissal is warranted.

For the foregoing reasons, the Government's Motion to Dismiss [DE-27] is ALLOWED, and Morgan's Petition for Writ of Coram Nobis [DE-21] is DISMISSED.

SO ORDERED.

This the 19th day of November, 2013.

James C. Fox
Senior United States District Judge